IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRY DALE CARNES, <br> TDCJ-CID No. 1756290, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS TECH MEDICAL, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:24-CV-134-Z-BR |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### TO DENY MOTION FOR INJUNCTIVE RELIEF

Plaintiff Terry Dale Carnes ("Carnes") filed a motion asking the Court to place him in federal protective custody because of imminent danger he is facing in his unit. (ECF 13). The Court will construe the motion as an Application for Preliminary Injunction (the "Application"). For the reasons stated below, the U.S. Magistrate Judge recommends that Carnes' Application be DENIED.

### FACTUAL BACKGROUND

Carnes filed this civil rights lawsuit on June 24, 2024, alleging that Defendants failed to provide him medical care after Defendant Shelby Hull broke his arm. (ECF 3). The suit is currently undergoing screening. On January 23, 2025, Carnes filed the Application, alleging that he is in danger at the Clements Unit. (ECF 13 at 5). He asks the Court to place him in federal protective custody because he is in fear for his life. (*Id.*).

### LEGAL ANALYSIS

To obtain a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure, an applicant must demonstrate: "(1) a substantial likelihood of success on the merits;

(2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Issuance of a preliminary injunction "is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, 861 F. Supp. 2d 792, 794 (N.D. Tex. 2012). The decision to grant a preliminary injunction "is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Carnes' motion fails to warrant such an extraordinary remedy. He cannot prevail on the four elements required for a preliminary injunction. Specifically, Carnes cannot show that the public interest would be served by interfering with the security decisions made by TDCJ staff. Federal courts are reluctant to interfere in the internal affairs of local jails or state prisons. *See Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations). Moreover, interference with prison operations would not be in the public's interest and it would be a waste of judicial resources to micro-manage the prison's unit classification and security decisions.

Further, Carnes is not entitled to the relief he seeks. There is no federal protective custody available to state prisoners. "Federal protective custody is available only to witnesses to a federal

crime or to persons charged with committing federal crimes." *Cook v. McConnell Unit*, No. C-08-379, 2009 WL 10705229 at *1 (S.D. Tex. Jan. 26, 2009). Carnes is not entitled to a preliminary injunction.

## RECOMMENDATION

The United States Magistrate Judge hereby recommends that the Application filed by Plaintiff Terry Dale Carnes. (ECF 13) be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 14, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal

conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).