IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRY DALE CARNES,<br>TDCJ-CID No. 1756290, | § <br> § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | 2:24-CV-134-Z-BR |
| TEXAS TECH MEDICAL, *et al.,* | § <br> § <br> § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT MOTION TO DISMISS**

Before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by

Defendants Texas Tech University Health Services Center ("TTUHSC") and Texas Department

of Criminal Justice ("TDCJ") (collectively, "Defendants"). For the reasons stated below, the

Motion should be GRANTED.

**I. LEGAL ANALYSIS**

A.    **Factual Background.**

In his Complaint, Carnes alleges that Defendant Shelby Hull intentionally broke his arm

while handcuffing him to take him to medical for an insulin shot. Carnes sues Hull, as well as

numerous officers and medical providers, claiming they failed to treat his injury despite his

repeated requests for aid. He also sues TDCJ and TTHUSC without specifying the basis upon

which he sues them. Defendants TDCJ and TTHUSC ask the Court to dismiss the claims against

them based upon sovereign immunity.

B.    **Sovereign Immunity.**

As a sovereign entity, a state may not be sued without its consent. Therefore, under the

1

Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

Carnes's claims against Defendants TDCJ and TTUHSC are without merit because they are simply another way of attempting to sue the State of Texas. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment "prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 980 (5th Cir. 1986). When a state agency is the named defendant, the Eleventh Amendment bars all suits against it, regardless of the relief sought. *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009). The Fifth Circuit has held that both TDCJ and TTUHSC are state agencies that enjoy immunity from suit in federal court. *Id.* at 902 (citing *Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) ("The Eleventh Amendment cloaks Texas Tech University and Texas Tech University Health Sciences Center with sovereign immunity as state institutions.") (citing *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996)); *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1025 (5th Cir. 2022) ("Texas Tech University [is] an agency of Texas that enjoys sovereign immunity."). Accordingly, TDCJ's and TTUHSC's motion to dismiss should be granted on sovereign immunity grounds.

## II. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Defendants' Motion to Dismiss should be GRANTED.

### III. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 31, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).