IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

TERRY DALE CARNES,                          §
TDCJ-CID No. 1756290,                       §
                                            §
        Plaintiff,                          §
                                            §
v.                                          §        2:24-CV-134-Z-BR
                                            §
HEATHER TIJERINA, *et al.*,                 §
                                            §
        Defendants.                         §

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### TO DISMISS DEFENDANT PHILLIP MENDEZ

Before the Court is an Amended Complaint filed by Plaintiff Terry Dale Carnes. (ECF 8). For the reasons stated below, Defendant Phillip J. Mendez ("Mendez") should be DISMISSED from the case for failure to prosecute.

## I. FACTUAL BACKGROUND

Plaintiff Terry Dale Carnes ("Carnes") filed this lawsuit on June 24, 2024. (ECF 3). Certain of his claims survived screening under 28 U.S.C. §§ 1915 and 1915A, and Defendants were ordered to answer. (ECF 24). The Attorney General notified the Court on January 23, 2026, that it was unable to obtain authorization to represent Mendez in this case. (ECF 29). The Court ordered service on Mendez at his last known address; however, the summons was returned as unexecuted. (ECF 32, 41). On March 10, 2026, the Court ordered Plaintiff to provide a service address for Mendez, which Plaintiff did on March 19, 2026. (ECF 49, 55). The Court ordered service to the address provided by Plaintiff and the summons again was returned unexecuted. (ECF 56, 60).

1

Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing, but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (quoting Fed. R. Civ. P. 4(m); *citing Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008)). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Gartin*, 289 F. App'x at 692). Importantly, *pro se* litigants are not absolved from compliance with the requirements of Rule 4. *Flander v. Kforce, Inc.*, 526 F. App'x 364, 368 (5th Cir. 2013) (per curiam); *see also Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020) (recommending dismissal of the plaintiff's claims against a defendant after noting the "plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules"), *R & R adopted*, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020).

More than 90 days have passed since Carnes was first ordered to provide a service address for Mendez, and he has failed to do so. Nor has Carnes shown good cause for his failure to comply with the Court's orders. Accordingly, Mendez should be dismissed from this case.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Defendant Phillip J. Mendez should be dismissed from this case without prejudice.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 15, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendations. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).